David T. Hayek (SBN 144116)
dhayek@hinshawlaw.com
Brent M. Reitter (*admitted pro hac vice*)
breitter@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:  213-680-2800
Facsimile:  213-614-7399

Attorneys for Defendant ROC NATION LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANELLE DELACRUZ, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>ROC NATION LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No. 2:25-cv-11864-AH-SSC<br><br>Honorable: Anne Hwang<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM IN SUPPORT**<br><br>Date: June 10, 2026<br>Time: 1:30 P.M.<br>Ctrm: 7C, 9th Floor |

1

NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on June 10, 2026, at 1:30 P.M., or as soon thereafter as counsel may be heard, before the Honorable Anne Hawang, in Courtroom 9C on the 9th Floor of the above entitled Court, Defendant ROC NATION LLC will and hereby does move this Court for an order dismissing with prejudice the First, Second, and Third Claims for Relief, for the reasons set forth below and the supporting Memorandum of Points and Authorities.

**This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place via Zoom on March 26, 2026 at 2:00 PM.**

This motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6), and is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the pleadings and papers on file herein, and such other matters as may be presented to the Court or otherwise at or before the time of hearing

Date: April 20, 2026

*/s/ David T. Hayek*
_____
David T. Hayek
Brent M. Reitter *(admitted pro hac vice)*
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:  213-680-2800
Facsimile:  213-614-7399
Email: dhayek@hinshawlaw.com
         breitter@hinshawlaw.com

NOTICE OF MOTION AND MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ..................................................................................................1

II.   PRELIMINARY STATEMENT .........................................................................1

III.   STATEMENT OF FACTS..................................................................................2

IV.   LEGAL STANDARD .........................................................................................3

V.   ARGUMENT .......................................................................................................3

A. PLAINTIFF'S COMMON LAW MISAPPROPRIATION OF LIKENESS CLAIM IS PREEMPTED BY THE COPYRIGHT ACT (17 U.S.C. § 301) ...........3

   1.   The Photographs Are Copyrighted Works Owned by Hot Girl Swim Branding LLC Under a Work-Made-for-Hire Agreement ....................................................4

   2.   Plaintiff Asserts Rights Equivalent To Those Protected by Copyright § 106 ..5

   3.   Conflict Preemption Independently Bars the Claim Under the Nimmer Framework ....................................................................................................6

B. PLAINTIFF'S LANHAM ACT CLAIM FAILS BECAUSE PLAINTIFF LACKS PUBLIC RECOGNITION AND HAS ALLEGED NO FALSE STATEMENT.................................................................................................8

   1.   Plaintiff Does Not Plausibly Allege a False Endorsement Likely to Cause Confusion..........................................................................................................9

   2.   Plaintiff Lacks the Public Recognition Necessary for Consumer Confusion...9

   3.   Plaintiff Has Not Alleged Any False Statement of Fact................................10

C.   Plaintiff's Statutory Misappropriation Claim Under Cal. Civil Code § 3344 Is Likewise Preempted.........................................................................................11

   1.   Plaintiff's Persona Is Not Fixed in a Medium; Only Her Image in the Photograph Is Being Used .............................................................................12

   2.   The "Extra Element" Test Requires the Tort to Be Qualitatively Different from Copyright Infringement .......................................................................13

i

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

3.  Where the Image Was Created for Advertising and Used for Advertising, There Is Preemption..................................................................................14

VI.  CONCLUSION..................................................................................16

ii

NOTICE OF MOTION AND MOTION TO DISMISS

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................3

*Brown v. Elec. Arts, Inc.*,
  724 F.3d 1235 (9th Cir. 2013) ...............................................................................9

*Cairns v. Franklin Mint Co.*,
  292 F.3d 1139 (9th Cir. 2002) ...................................................................9, 10, 11

*Del Madera Props. v. Rhodes & Gardner, Inc.*,
  820 F.2d 973 (9th Cir. 1987) ................................................................................13

*Downing v. Abercrombie & Fitch*,
  265 F.3d 994 (9th Cir. 2001) .........................................................................*passim*

*Facenda v. N.F.L. Films, Inc.*,
  542 F.3d 1007 (3d Cir. 2008) ................................................................6, 7, 8, 14

*Fleet v. CBS, Inc.*,
  50 Cal. App. 4th 1911, 1918–20 (1996).).............................................4, 5, 12, 15

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
  778 F.3d 1059 (9th Cir. 2015) ..............................................................................10

*In re Jackson*,
  972 F.3d 25 (2d Cir. 2020) .....................................................................................6

*Jaeschke v. Bella+Canvas LLC*,
  No. 19SMCV01008 (Cal. Super. Ct. L.A. Cty.) .................................................15

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ................................................................................1

*Laws v. Sony Music Entm't, Inc.*,
  448 F.3d 1134 (9th Cir. 2006) .......................................................................*passim*

NOTICE OF MOTION AND MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

*Maloney v. T3Media, Inc.*,
853 F.3d 1004 (9th Cir. 2017) ...............................................................4, 5, 12, 15

*Toney v. L'Oreal USA, Inc.*,
406 F.3d 905 (7th Cir. 2005) .......................................................................... 7, 8

*Waits v. Frito-Lay, Inc.*,
978 F.2d 1093 (9th Cir. 1992) ..............................................................................9

**Statutes**

15 U.S.C. § 1125(a) .............................................................................................8, 9

17 U.S.C. § 102(a)(5)..........................................................................................4, 12

17 U.S.C. § 106........................................................................................*passim*

Cal. Civ. Code § 3344........................................................................................*passim*

Cal. Civ. Code § 3344(a) .................................................................................11, 12

Lanham Act Section 43(a) .................................................................................8, 9

**Rules**

Federal Rule of Civil Procedure 12(b)(6)....................................................................3

NOTICE OF MOTION AND MOTION TO DISMISS

**HINSHAW & CULBERTSON** LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

## I.    <u>INTRODUCTION</u>

Plaintiff is a professional model who participated in a photoshoot on April 30, 2025, for Megan Thee Stallion's "Hot Girl Summer" swimwear campaign. This action concerns the subsequent use of photographs from that shoot in advertising, including on physical billboards in California and elsewhere. Plaintiff filed her First Amended Complaint on March 20, 2026, asserting three causes of action: (1) common law misappropriation of likeness, (2) false endorsement/false advertising under the Lanham Act, and (3) violation of California Civil Code § 3344.

Defendant moves to dismiss all three claims. In brief, Defendant contends the misappropriation-based claims are barred because they seek to impose state-law liability for conduct governed by federal copyright law, and that the Lanham Act claim fails because the First Amended Complaint does not plausibly allege a false endorsement or false advertising theory. Defendant further contends the statutory claim under California Civil Code § 3344 fails for the same reasons as the common law claim.

In support of its motion, Defendant has furnished the Court with the Plaintiff's agreement to model for the "Hot Girl Summer" swimwear campaign along with the Production Agreement demonstrating that the photographs at issue were works made for hire as those documents. *See* Declaration of David T. Hayek at Exhs. A and B respectively. They are both properly incorporated by reference as the authenticity of those documents are not in question even though Plaintiff did not physically attach them to her First Amended Complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## II.    <u>PRELIMINARY STATEMENT</u>

This case is a straightforward attempt to use state right-of-publicity theories and the Lanham Act to control the public display of copyrighted advertising photographs. Plaintiff alleges she agreed to pose for campaign photographs for the "Hot Girl

**HINSHAW & CULBERTSON** LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1

NOTICE OF MOTION AND MOTION TO DISMISS

Summer" swimwear line but later objected to billboard placement. Even taking those allegations as true, the First Amended Complaint fails as a matter of law. Plaintiff's common law misappropriation claim is preempted because it targets only the reproduction and public display of copyrighted photographs governed by 17 U.S.C. § 106. Plaintiff's Lanham Act claim fails because an unknown model's appearance in an advertisement does not plausibly create consumer confusion as to sponsorship or approval, and Plaintiff identifies no false statement in the billboard content. Finally, Plaintiff's statutory claim under Cal. Civil Code § 3344 is subject to the same preemption analysis and likewise fails for lack of any extra element qualitatively different from copyright infringement.

## III.    STATEMENT OF FACTS

Roc Nation is a full-service entertainment and artist-management company that represents Megan Thee Stallion and other prominent artists. In connection with Megan Thee Stallion's collaboration with Walmart to launch the Hot Girl Summer swimwear line, Photobomb Production, a global creative production company that manages casting, talent contracts, logistics, equipment, locations, and post-production, oversaw the April 30, 2025, photoshoot for the campaign.

Photobomb Production coordinated directly with Plaintiff's modeling agency, State Management, to hire Plaintiff for the photoshoot. Plaintiff was paid Plaintiff $5,000 in wages for her work at the photoshoot, plus an agency fee to be paid to Ford Models. Plaintiff alleges she granted consent to Roc Nation for a limited use of her likeness in Roc Nation's advertising campaign, and that the consent to use Plaintiff's likeness was limited to social media. Plaintiff alleges Defendant knew that it did not have the consent to use Plaintiff's likeness beyond social media.

Plaintiff alleges Defendant thereafter used Plaintiff's likeness on physical, public billboards, including a billboard in Hollywood, California targeting California consumers and similar billboards in at least three (3) other cities in the United States

2

NOTICE OF MOTION AND MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

outside of California. Plaintiff alleges Defendant used Plaintiff's likeness without her consent as a brand representative targeting residents in California, the United States, and the world. Plaintiff alleges that on or around August 12, 2025, on behalf of Plaintiff, Ford Models sent Roc Nation an email demanding Roc Nation immediately cease and desist the unauthorized use of Plaintiff's likeness and demanding payment from Roc Nation for its past and ongoing unauthorized and illegal usage of Plaintiff's likeness, and that Roc Nation has not complied with the demands.

## IV.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. To survive dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court must accept well-pleaded factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.*

## V.    ARGUMENT

### A.    PLAINTIFF'S COMMON LAW MISAPPROPRIATION OF LIKENESS CLAIM IS PREEMPTED BY THE COPYRIGHT ACT (17 U.S.C. § 301)

Plaintiff's common law misappropriation claim is barred at the threshold by the Copyright Act, 17 U.S.C. § 301. Under the Ninth Circuit's two-part test, preemption applies where (1) the claim concerns a work within copyright's subject matter, and (2) the rights asserted are equivalent to the exclusive rights in § 106. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137–38 (9th Cir. 2006). Although common law

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

NOTICE OF MOTION AND MOTION TO DISMISS

misappropriation generally requires a plaintiff to allege use of her identity for commercial advantage without consent and resulting injury, Plaintiff's theory here targets only the billboard display of copyrighted photographs and does not target the thousands of other identical usages of the same photographs disseminated to thousands, if not millions, of consumers via other platforms or mediums. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001–02 (9th Cir. 2001). Both preemption prongs are plainly met here. Plaintiff challenges nothing other than the display of the copyrighted photographs themselves, images that the Production Agreement designates as work-made-for-hire property of Hot Girl Swim Branding LLC, with exclusive rights of reproduction, distribution, and public display assignable to its designees. Because her claim arises solely from Defendant's exercise of those § 106 rights, it is preempted under Ninth Circuit law. *See Laws*, 448 F.3d at 1143–45; *see also Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011–12 (9th Cir. 2017). (The California Court of Appeal has likewise held that a right-of-publicity theory is preempted when it seeks to stop distribution of a copyrighted film capturing plaintiffs' performances. *See Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911, 1918–20 (1996).)

### 1.    The Photographs Are Copyrighted Works Owned by Hot Girl Swim Branding LLC Under a Work-Made-for-Hire Agreement

The first prong of Copyright Act preemption is easily met. The images at issue are photographs, which are expressly protected as "pictorial works" under 17 U.S.C. § 102(a)(5). Courts in this Circuit consistently hold that when a plaintiff's identity is embodied in a copyrighted work, the claim concerns subject matter within copyright, even if the plaintiff does not own the copyright. This principle is illustrated in *Laws v. Sony Music Entm't, Inc.*, where the court held that a vocal performance embodied in a copyrighted sound recording falls within copyright's subject matter because it is "contained entirely within a copyrighted medium." 448 F.3d 1134, 1141 (9th Cir. 2006). The same rule governs photographs: they are fixed works of authorship, and

4

NOTICE OF MOTION AND MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

likenesses embedded in them do not remove them from copyright's scope. *See Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011–12 (9th Cir. 2017) (holding that publicity-right claims based on licensing/distribution of copyrighted photographs for personal use fall within copyright's subject matter).

Here, the photographs were created under a work-made-for-hire production agreement between 646 LLC (the photographer's production entity) and Hot Girl Swim Branding LLC, which designates the images as company-owned content and assigns all rights of reproduction, distribution, and display to the company and its designees. Because Plaintiff challenges nothing other than the use of these copyrighted photographs themselves, the subject-matter prong is met.

### 2. Plaintiff Asserts Rights Equivalent To Those Protected by Copyright § 106

The second prong of Copyright Act preemption is also satisfied because Plaintiff's misappropriation theory asserts rights equivalent to those protected by 17 U.S.C. § 106. A state-law claim is preempted when it seeks to control nothing more than the reproduction, distribution, or public display of a copyrighted work. That is exactly the case here. Plaintiff challenges only the appearance of her photograph on billboards, i.e., Defendant's public display of copyrighted images owned by Hot Girl Swim Branding LLC. Nothing in her claim concerns any use separate from the copyrighted works themselves.

The Ninth Circuit has repeatedly held that such claims are preempted. In *Laws*, the court explained that when the alleged wrong is "the unauthorized reproduction of [a] copyrighted performance," the claim is "equivalent to rights within the general scope of copyright" and therefore preempted. *Laws*, 448 F.3d at 1144. The court also made clear that alleged contractual limits on a copyright holder's license do not change the preemption analysis; to the extent a plaintiff has enforceable contractual rights, the

5

NOTICE OF MOTION AND MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

remedy lies in contract against the contracting party, not in a tort claim aimed at downstream use of the copyrighted work. *Id.* at 1143–44.

Similarly, in *Fleet v. CBS, Inc.*, the court held that actors' § 3344 claims were preempted because the only alleged exploitation occurred through distribution of the copyrighted film containing their fixed performances. 50 Cal. App. 4th 1911, 1918–20 (1996).

In line with these authorities, Plaintiff's claim does not allege any conduct beyond the straightforward public display of the copyrighted photographs themselves, the precise act governed by § 106(5). Because her claim seeks to restrict Defendant's exercise of those exclusive rights, it is preempted and must be dismissed.

### 3.    Conflict Preemption Independently Bars the Claim Under the Nimmer Framework

Even if the Court were to find that express preemption under § 301 does not apply, Plaintiff's misappropriation claim is independently barred by conflict preemption under the Supremacy Clause. As the Nimmer treatise explains, the "conflict between the right of publicity and copyright … [is] rooted more in conflict preemption and the Supremacy Clause of the U.S. Constitution than in express preemption and Section 301." 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.17[B][3][a], pp. 29-30. Courts have followed Nimmer's lead in recognizing this principle. *See Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1028–29 & n.13 (3d Cir. 2008); *In re Jackson*, 972 F.3d 25, 34–35 (2d Cir. 2020).

Conflict preemption renders state law without effect when, without express congressional command, state law conflicts with federal law. *In re Jackson*, 972 F.3d 25, 34 (2d Cir. 2020). The doctrine bars a state-law claim where "the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (citation omitted).

NOTICE OF MOTION AND MOTION TO DISMISS

**HINSHAW & CULBERTSON** LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

Under the Nimmer framework discussed in *Facenda*, the analysis proceeds in two parts. First, a court examines "how the copyrighted work featuring the plaintiff's identity is used." *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1029–30 (3d Cir. 2008). Second, courts examine "the purpose of the use to which the plaintiff initially consented when signing over the copyright in a contract." *Id.* at 1030. The critical question in advertising/contract cases is "whether the plaintiff 'collaborated in the creation of a copyrighted advertising product.'" *Id.*

Nimmer's framework identifies a general rule: a misappropriation claim based on a defendant copyright holder's use of a copyrighted work featuring the plaintiff's likeness is preempted, regardless of whether that use violates the plaintiff's contractual right to limit the use of her likeness. There is a limited exception for cases where an expressive work (not created for advertising) is later used for advertising purposes. But that exception does not apply where the plaintiff participated in the creation of the copyrighted work for advertising purposes, as is the case here.

Where, as here, the plaintiff participated in the creation of an advertising work and the copyright holder uses it for such purposes, the plaintiff's sole remedy for the contractually unauthorized reproduction, display, or distribution of the copyrighted work is for breach of contract, not misappropriation. As Nimmer explains, "The fact that [the plaintiff] collaborated in the creation of a copyrighted advertising product for [defendant] precludes her from using the right of publicity to squelch exploitation of that copyrighted work for its intended purpose." 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.17[B][3][b]. And the fact that a plaintiff alleges a use outside the scope authorized by contract gives rise (if at all) to a claim sounding in contract, not tort. *Id.*

This principle is directly illustrated by the contrast between *Facenda* and *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905 (7th Cir. 2005). In *Facenda*, the plaintiff had participated in the creation of expressive football highlight films, not advertising

7

NOTICE OF MOTION AND MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

content; when those works were later repurposed for advertising, his misappropriation claim was not preempted. *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1030–32 (3d Cir. 2008). By contrast, in *Toney*, the Seventh Circuit held that the plaintiff's Illinois right-of-publicity claim was not preempted. *Toney*, 406 F.3d at 910–11. But the Nimmer treatise explains that *Toney* should have come out the other way on its particular facts because the plaintiff had modeled and posed for copyrighted images created for a product's advertising and packaging i.e., she "collaborated in the creation of a copyrighted advertising product." 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.17[B][3][b].

Plaintiff's case falls on the side of the line described by Nimmer for advertising works: she voluntarily participated in a photoshoot specifically designed to create advertising content for the Hot Girl Summer swimwear campaign, and she alleges only that the later uses exceeded the contractual scope of permission. Under Nimmer's framework, where the plaintiff collaborated in creating a copyrighted advertising product, she cannot use the right of publicity to squelch exploitation of that copyrighted work for its intended advertising purpose; any alleged overrun sounds in contract, not tort. 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.17[B][3][b]. Notably, Plaintiff has abandoned her breach of contract claim in the First Amended Complaint.

## B. PLAINTIFF'S LANHAM ACT CLAIM FAILS BECAUSE PLAINTIFF LACKS PUBLIC RECOGNITION AND HAS ALLEGED NO FALSE STATEMENT

Plaintiff's Second Cause of Action for false endorsement/false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), must be dismissed because Plaintiff lacks the public recognition necessary to sustain a false endorsement claim and has failed to allege any false statement of fact.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

8

NOTICE OF MOTION AND MOTION TO DISMISS

### 1.    Plaintiff Does Not Plausibly Allege a False Endorsement Likely to Cause Confusion

A false endorsement claim under Section 43(a) of the Lanham Act requires that the defendant's use of the plaintiff's identity is likely to cause confusion as to the plaintiff's sponsorship or approval of the defendant's goods or services. *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1239 (9th Cir. 2013); *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1110 (9th Cir. 1992). Plaintiff does not plausibly allege that any reasonable consumer would view the billboards and conclude that Plaintiff, an unknown model, personally sponsored or approved the swimwear. At most, Plaintiff alleges a dispute about the scope or medium of a use she contends was authorized only for social media, which sounds in contract (if at all) and does not supply the "false endorsement" element required by the Lanham Act.

Plaintiff's dispute is not that she was falsely portrayed as endorsing a product she opposes; it is that the medium of publication (billboards) differed from what she alleges she authorized (social media). But a dispute over the medium of an alleged authorized use is not a Lanham Act false endorsement claim; it is, at most, a contract dispute. *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1149–50 (9th Cir. 2002) (affirming summary judgment where the plaintiff failed to show likelihood of confusion as to endorsement).

### 2.    Plaintiff Lacks the Public Recognition Necessary for Consumer Confusion

Even if Plaintiff could plead a false endorsement theory, her claim would still fail because she lacks the public recognition necessary to create any likelihood of consumer confusion. Section 43(a) of the Lanham Act imposes liability only where the use of a "name, symbol, or device" is likely to cause confusion "as to the origin, sponsorship, or approval" of goods or services. 15 U.S.C. § 1125(a). In *Downing v. Abercrombie & Fitch*, the Ninth Circuit held that professional surfers could proceed

9

NOTICE OF MOTION AND MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

because there was evidence consumers would recognize them and could believe they endorsed the defendant's products. 265 F.3d 994, 1007–08 (9th Cir. 2001). Here, by contrast, Plaintiff alleges no facts showing she is recognizable to any relevant segment of consumers; she is simply one of multiple models in a swimwear advertisement and her identity does not function as a trademark-like indicator of sponsorship.

The Ninth Circuit has explained that a plaintiff with a publicly recognizable identity may sue for false endorsement where the defendant's use of that identity is likely to confuse consumers as to sponsorship or approval. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1067 (9th Cir. 2015). Likewise, *Wendt v. Host Int'l, Inc.* recognizes that using a distinctive, publicly recognizable persona or likeness in a commercial setting can create a triable issue of confusion. 125 F.3d 806, 812–13 (9th Cir. 1997). Those cases involved well-known figures or distinctive personas capable of carrying endorsement value; Plaintiff does not plead comparable recognition here.

Plaintiff is not well known, and she does not allege facts showing that consumers would recognize her or attribute endorsement value to her likeness. Although the Complaint asserts that Plaintiff's likeness "has been featured in advertisements throughout the world," it pleads no facts establishing recognizability to any relevant consumer segment. Absent such public recognition, Plaintiff's likeness cannot function as a trademark-like indicator of sponsorship capable of creating consumer confusion. *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1149–50 (9th Cir. 2002); *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1007–08 (9th Cir. 2001).

### 3.   Plaintiff Has Not Alleged Any False Statement of Fact

Plaintiff's false advertising theory also fails because she has alleged no false statement, literal or implied. Plaintiff alleges that Defendant made a "false statement of fact," asserting that Plaintiff consented to and endorsed the billboard advertising. *See* Complaint ¶ 32.

NOTICE OF MOTION AND MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

First, Plaintiff does not identify any false or misleading statement of fact in the billboard content. The billboards do not state that Plaintiff endorses the swimwear; they display campaign photographs. Alleged unauthorized use of a likeness, without more, does not itself supply the "false statement" element of a Lanham Act false advertising claim. *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1152–53 (9th Cir. 2002).

Second, to the extent Plaintiff's theory is that viewers might infer sponsorship merely because her image appears in the campaign photographs, Plaintiff still does not plead facts showing such an inference would be likely for an unknown model. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1007–08 (9th Cir. 2001). And to the extent Plaintiff contends the billboards exceeded the scope of any permission she granted, that contention sounds in contract (against the contracting party), not in a federal false advertising claim. *See Cairns*, 292 F.3d at 1149–50.

Third, Plaintiff has alleged no consumer deception whatsoever. A consumer viewing Plaintiff's image on a billboard would not be deceived into believing Plaintiff endorsed the product any more than a consumer viewing the same image on social media. The consumer sees an anonymous model in an advertisement, not a celebrity whose presence conveys endorsement value. Plaintiff's dispute concerns the medium of publication, not any false impression created by the publication itself. This is not the type of consumer deception the Lanham Act was designed to address. *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1149–50 (9th Cir. 2002).

### C.   Plaintiff's Statutory Misappropriation Claim Under Cal. Civil Code § 3344 Is Likewise Preempted

Plaintiff's Third Cause of Action under California Civil Code § 3344, added for the first time in the First Amended Complaint, alleges that Defendant knowingly used Plaintiff's likeness to promote, market, and advertise Defendant's products without Plaintiff's authorization or consent. *See* Cal. Civ. Code § 3344(a). This statutory claim

NOTICE OF MOTION AND MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

rests on the identical factual allegations as the common law misappropriation claim: that Defendant displayed Plaintiff's photographs on billboards without authorization beyond the social-media-only license.

This claim is subject to the same preemption analysis as the common law claim. California Civil Code § 3344 provides a statutory remedy for commercial misappropriation that complements the common law cause of action. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001–02 (9th Cir. 2001); *see also* Cal. Civ. Code § 3344(a). Both common law misappropriation and Civil Code § 3344 protect an individual's right to control the commercial use of her name, voice, signature, photograph, or likeness. *See* Cal. Civ. Code § 3344(a). The controlling preemption precedent discussed above applies with equal force to statutory misappropriation claims.

### 1. Plaintiff's Persona Is Not Fixed in a Medium; Only Her Image in the Photograph Is Being Used

At the threshold, Plaintiff's § 3344 theory must be evaluated for what it targets: an asserted injury to a non-copyrightable "persona," or instead the use of a copyrighted photograph in which Plaintiff's likeness appears. A person's identity is not itself a work of authorship fixed in a tangible medium, but a photograph is, and Plaintiff challenges the billboard display of photographs. *See* 17 U.S.C. § 102(a)(5). Where a plaintiff's theory targets the distribution or display of copyrighted photographs themselves (as opposed to a separate use of identity in advertising or on merchandise), the subject-matter prong is satisfied and the claim is preempted. *See Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011–12 (9th Cir. 2017).

The Ninth Circuit's decision in *Downing v. Abercrombie & Fitch* provides the governing rule: Where an image, otherwise protectable under the Copyright Act, is being used so as to essentially merge with a persona, there will be no preemption, for it is really the use of the persona that is the subject of the tort, not the image. 265 F.3d

12

NOTICE OF MOTION AND MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

994, 1004 (9th Cir. 2001). The key question therefore is whether the suit is aimed at protecting the plaintiff's persona (a non-copyrightable interest) or instead at stopping distribution or display of the copyrightable image. Here, Plaintiff's suit is aimed at stopping the public display of the copyrighted photographs on billboards. She does not allege any separate use of her persona apart from the photographs themselves; the only alleged conduct is the reproduction/public display of the copyrighted images.

That is the same line *Fleet* draws. There, the court held the plaintiffs' statutory right-of-publicity claim was preempted because what they were seeking to stop was not the use of their persona, but rather their performance as captured in the movie. 50 Cal. App. 4th 1911, 1918–20 (1996). By seeking to bar distribution of the film, they were not seeking to protect their persona; they were seeking to bar distribution of the film, something the copyright holder had the exclusive right to do under the Copyright Act. (Plaintiffs could pursue contract or wage remedies, but they could not sue in tort to bar the film's distribution.) Here too, Plaintiff does not allege any separate "persona" use (such as an endorsement message, biographical narrative, or other identity-based exploitation apart from the photographs). She challenges only the billboard display of the copyrighted images. Under *Downing* and *Fleet*, § 3344 cannot be used to repackage an objection to the public display of a copyrighted photograph into a non-preempted right-of-publicity claim.

### 2. The "Extra Element" Test Requires the Tort to Be Qualitatively Different from Copyright Infringement

Under the second prong of the preemption analysis, the "extra element" test applies: to survive preemption, the state claim "must have an 'extra element' which changes the nature of the action." *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987). Put differently, "the state cause of action must protect rights which are qualitatively different from the copyright rights." *Id.* As applied in the right-of-publicity context, the Ninth Circuit holds that the extra element must be

NOTICE OF MOTION AND MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

one that changes the nature of the action so that it is qualitatively different from a copyright infringement claim. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1144 (9th Cir. 2006).

Here, Plaintiff's § 3344 claim contains no such extra element. The only conduct she challenges is Defendant's public display of the copyrighted photographs on billboards. There is no allegation of manipulation, alteration, or any conduct separate from the straightforward exercise of the copyright holder's § 106 rights. To the extent Plaintiff contends that contractual terms limited how or where the photographs could be used, that contention does not transform this § 3344 theory into a qualitatively different claim; it still targets the reproduction or public display of the copyrighted work itself and remains preempted.

### 3. Where the Image Was Created for Advertising and Used for Advertising, There Is Preemption

Nimmer's framework is illuminating here. Surveying the case law, Nimmer concludes that where the use is an entertainment use, preemption is generally found, but where the use is commercial, preemption is not found. 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.17[B][3][b]. This is because where the speech is essentially commercial in nature, it is less likely that the state law will conflict with any congressional purpose. *Id.* Where an expressive work is later repurposed for advertising, courts may allow a right-of-publicity claim to proceed because the use targets endorsement rather than merely controlling an expressive work. *See Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1030–32 (3d Cir. 2008).

But that is not this case. Nimmer concludes that much of the analysis can be explained by looking at the ultimate use and comparing the use for which the image was voluntarily created with the actual use to which it was put. 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.17[B][3][b]. Thus, Nimmer concludes

NOTICE OF MOTION AND MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

that where the image was initially created for a commercial purpose and then used for a commercial purpose, there is preemption. *Id.*

Here, the photographs were created to advertise the Hot Girl Summer swimwear line and were always used for that purpose. Under Nimmer's framework, where an image was initially created for a commercial purpose and then used for a commercial purpose, the claim is preempted. 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.17[B][3][b]. That conclusion is reinforced by Ninth Circuit authority holding that a plaintiff cannot use state publicity law to control the licensing or display of copyrighted photographs where the claim targets only the distribution or display of the images themselves. *See Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011–12 (9th Cir. 2017). *See also Jaeschke v. Bella+Canvas LLC*, No. 19SMCV01008 (Cal. Super. Ct. L.A. Cty.) (reaching a similar conclusion on analogous facts).

As Nimmer explains, the Copyright Act does not purport to limit a subject's contractual rights. 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.15[A][1]. But it is no usurpation of persona to use a copyrighted advertising image for the commercial purpose for which it was created, even where a plaintiff contends the parties' agreement imposed limits (for example, limits as to time, medium, or geography). *See* 1 Nimmer, *supra*, § 1.17[B][3][b]. And even if a plaintiff alleges that a contracting party exceeded those limits, that allegation sounds in contract against the contracting party; it does not supply a freestanding tort claim that would restrict the downstream reproduction, distribution, or public display of a copyrighted work. *See Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1144 (9th Cir. 2006). Notably, Plaintiff has abandoned her breach of contract claim in the First Amended Complaint.

///

///

///

15

NOTICE OF MOTION AND MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

## VI.  CONCLUSION

For the foregoing reasons, Defendant Roc Nation LLC respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety with prejudice.

Date: April 20, 2026

/s/ David T. Hayek
David T. Hayek
Brent M. Reitter *(admitted pro hac vice)*
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:  213-680-2800
Facsimile:  213-614-7399
Email: dhayek@hinshawlaw.com
            breitter@hinshawlaw.com

16

NOTICE OF MOTION AND MOTION TO DISMISS