BRENT M. REITTER (*admitted pro hac vice)*
breitter@hinshawlaw.com
DAVID T. HAYEK (SBN 144116)
dhayek@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 213-680-2800
Facsimile: 213-614-7399

Attorneys for Defendant
ROC NATION LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANELLE DELACRUZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ROC NATION LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:25-cv-11864-AH-SSC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM IN SUPPORT**<br><br>Date: December 2, 2026<br>Time: 1:30 p.m.<br>Ctrm: 9C<br><br>Honorable: Anne Hwang |

| | |
|---|---|
| TONOIA WADE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ROC NATION LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:25-cv-11866-AH-SSC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM IN SUPPORT**<br><br>Date: December 2, 2026<br>Time: 1:30 p.m.<br>Ctrm: 9C<br><br>Honorable: Anne Hwang |



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on December 2, 2026, at 1:30 p.m., or as soon thereafter as counsel may be heard, before the Honorable Anne Hwang, in Courtroom 9C of the above entitled Court, Defendant ROC NATION LLC will and hereby does move this Court for an order dismissing with prejudice the First, Second, and Third Claims for Relief, for the reasons set forth below and the supporting Memorandum of Points and Authorities.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 11, 2026.

This motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6), and is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the pleadings and papers on file herein, and such other matters as may be presented to the Court or otherwise at or before the time of hearing

DATED: October 1, 2026

HINSHAW & CULBERTSON LLP

By: [signature]

BRENT M. REITTER
DAVID T. HAYEK
Attorneys for Defendant
ROC NATION LLC



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

# TABLE OF CONTENTS

Page(s)


I. INTRODUCTION .......... 7

II. PRELIMINARY STATEMENT .......... 8

III. STATEMENT OF FACTS .......... 8

IV. LEGAL STANDARD .......... 10

V. ARGUMENT .......... 10

A. The SAC's Conclusory Agency Allegations Fail to State A Plausible Claim Against ROC Nation .......... 10

1. The SACs Attribute the Challenged Conduct to Entities Other Than Roc Nation .......... 11

2. Plaintiffs' Agency Allegations Are Conclusory and Do Not Satisfy *Iqbal/Twombly* .......... 11

B. Plaintiffs' Fraud-Based Allegations Fail To Satisfy Rule 9(b)'s Heightened Particularity Requirement .......... 14

1. Rule 9(b) Applies to Plaintiffs' Claims Because They Are Grounded in Fraud .......... 14

2. The SACs Fail to Plead the "Who, What, When, Where, and How" of Any Alleged Fraud .......... 15

3. The Fraud-Based Allegations Should Be Stricken and Plaintiffs' Punitive Damages Predicates Fail .......... 16

C. The SAC's Fail to Plausibly Allege a Nonconsensual Use of Plaintiffs' Likenesses .......... 17

D. Plaintiffs' State-Law Claims Are Preempted By The Copyright Act .......... 19

1. The Two-Part Preemption Framework Under 17 U.S.C. § 301 .......... 19

2. The SACs Plead Themselves Into Preemption .......... 20

3. This Court Has Already Adopted the Nimmer Framework .......... 22

VI. CONCLUSION .......... 24




HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abdul-Jabbar v. Gen. Motors Corp.*,
85 F.3d 407 (9th Cir. 1996) ........................................................................20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................7, 8, 10, 11, 12, 13, 24

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................7, 8, 10, 11, 12, 24

*Christoff v. Nestlé USA, Inc.*,
47 Cal. 4th 468 (2009) .............................................................................17

*Facenda v. N.F.L. Films, Inc.*,
542 F.3d 1007 (3d Cir. 2008) ..................................................................22, 23

*Fiol v. Doellstedt*,
50 Cal. App. 4th 1318 (1996) ......................................................................13

*Fischer v. Vantive Corp. (In re Vantive Corp. Sec. Litig.)*,
283 F.3d 1079 (9th Cir. 2002) ......................................................................11

*Fleet v. CBS, Inc.*,
50 Cal. App. 4th 1911 (1996)........................................................................22

*Flores v. EMC Mortg. Co.*,
997 F. Supp. 2d 1088 (E.D. Cal. 2014) .....................................................12

*Foman v. Davis*,
371 U.S. 178 (1962)....................................................................................19

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ...............................................................15, 17

*KNB Enterprises v. Matthews*,
78 Cal. App. 4th 362 (2000) .........................................................................18

*Laws v. Sony Music Entm't, Inc.*,
448 F.3d 1134 (9th Cir. 2006) ..............................................19, 20, 21, 22, 23



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

*Maloney v. T3Media, Inc.*,
853 F.3d 1004 (9th Cir. 2017) ........ 20, 22

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686 (9th Cir. 1998) ........ 18

*Ricci v. Teamsters Union Local 456*,
781 F.3d 25 (2d Cir. 2015) ........ 19

*Sandler v. Sanchez*,
206 Cal. App. 4th 1431 (2012) ........ 13

*Timed Out, LLC v. Youabian, Inc.*,
229 Cal. App. 4th 1001 (2014) ........ 18

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ........ 14, 15, 16, 17

*Zixiang Li v. Kerry*,
710 F.3d 995 (9th Cir. 2013) ........ 12

**Statutes**

17 U.S.C. § 102(a)(5) ........ 20

17 U.S.C. § 106 ........ 7, 19, 20

17 U.S.C. § 301 ........ 19, 24

Cal. Civ. Code §§ 2343, 2351 ........ 13

California Civil Code § 3344 ........ 7, 8, 17, 18, 19, 23, 24

Lanham Act ........ 8

Plaintiffs' State-Law Claims Are Preempted By The Copyright Act ........ 19

**Other Authorities**

Megan Thee Stallion's "Hot Girl Summer" ........ 7

1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* §
1.17[B][3][b][i] ........ 23

*Rolling Stone* ........ 8, 11



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

*Rolling Stone* article ........................................ 12, 21
2025 *Rolling Stone* ........................................ 9
Rule 9(b) ........................................ 8, 14, 15, 16, 17, 24
Rule 9(b)'s ........................................ 7, 14
Rule 12(b)(6) ........................................ 10, 13



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

## I. INTRODUCTION

Plaintiffs Tonoia Wade and Janelle Delacruz (collectively "Plaintiffs") are professional models who participated in the same April 30, 2025 photoshoot for Megan Thee Stallion's "Hot Girl Summer" swimwear campaign. These related actions concern the subsequent use of photographs from that shoot in various advertising mediums. The operative Second Amended Complaints ("SACs") assert only two causes of action: (1) common law misappropriation of likeness, and (2) violation of California Civil Code § 3344, statutory misappropriation of likeness.

Defendant now moves to dismiss both SACs on the same legal grounds this Court found warranted dismissal of Plaintiff Delacruz's earlier-filed First Amended Complaint, amongst others. First, the SACs routinely lump together "Roc Nation and/or entities acting on Roc Nation's behalf" without identifying which defendant purportedly engaged in which conduct, and their conclusory "on information and belief" agency allegations do not satisfy *Iqbal* and *Twombly*. Second, to the extent Plaintiffs' claims are grounded in fraud, alleging concealment and preexisting intent, they fail to satisfy Rule 9(b)'s particularity requirement. Third, the SACs fail to state plausible claims under California Civil Code § 3344 and common law misappropriation of likeness because Plaintiffs' own allegations establish that they consented to participate in the photo shoot and advertising campaign, and their dispute concerns only the scope of contractual usage rights and compensation, not any nonconsensual use of their likenesses by Roc Nation in connection with the Hot Girl Summer campaign. Fourth, as this Court has already held, the claims are preempted by federal copyright law because every allegedly unauthorized use involves only the display and reproduction of copyrighted photographs, exclusive rights under 17 U.S.C. § 106.



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

## II. PRELIMINARY STATEMENT

These related actions present a straightforward threshold question: whether the SACs state plausible claims against Roc Nation. The SACs now assert only common law misappropriation and California Civil Code § 3344 claims based on conclusory agency allegations, having dropped the breach of contract claims from the original complaints and the Lanham Act claims from the First Amended Complaints.

Both SACs fail to state plausible claims against Roc Nation. The pleadings identify other entities, including Hot Girl Swim Branding, LLC, Photobomb Production, store.megantheestallion.com, Walmart linked sales channels, and *Rolling Stone*, as responsible for the Photography Agreement, booking communications, retail pages, sales channels, and commerce article. The SACs bridge the gap to Roc Nation only through conclusory "on information and belief" agency allegations and group pleading that do not satisfy either *Iqbal* or *Twombly*. Plaintiffs' fraud based allegations also fail Rule 9(b), and their own allegations show disputes about the scope of advertising usage and compensation, not nonconsensual uses of likeness by Roc Nation. Most importantly, and as this Court has previously held, the claims are preempted because every challenged use involves only the display of copyrighted photographs.

## III. STATEMENT OF FACTS

Roc Nation is a full service entertainment and artist management company that represents Megan Thee Stallion and other prominent artists. In connection with Megan Thee Stallion's collaboration with Walmart to launch the Hot Girl Summer swimwear line, Photobomb Production, a global creative production company that manages casting, talent contracts, logistics, equipment, locations, and post production, oversaw the April 30, 2025, photoshoot for the campaign.

Photobomb Production coordinated booking communications with Plaintiffs' modeling agencies. Wade alleges that State Management communicated her booking



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

terms and that she was promised $8,750 plus agency fee. Delacruz alleges that Ford Models communicated her booking terms and that she was promised $5,000 plus agency fee. Both pleadings allege that the communicated usage was limited to social media.

On April 28, 2025, two days before the photoshoot, Hot Girl Swim Branding, LLC entered into the same Photography Agreement with 646 LLC, furnishing the services of photographer Cassidy Meyers. The Photography Agreement designates the resulting photographs as "Company Owned Content" and provides that the content is a work made for hire. The Agreement grants the company and its designees, assigns, and licensees the right to use the Company Owned Content "for purposes of advertising, trade, promotion and publicity for Brand, Products, and/or Artist," and further provides that the company may "exhibit, edit, reproduce or otherwise exploit" the content "in any and all media, now known or hereinafter devised, throughout the universe, in perpetuity."

Both Plaintiffs allege that their likenesses were thereafter used on physical, public billboards in multiple cities, including New York City's Times Square, Miami, Los Angeles, and Houston, as well as on online retail pages at store.megantheestallion.com, in a May 27, 2025 *Rolling Stone* commerce article, in Walmart linked advertising, and in paid or sponsored commerce advertising. Delacruz's SAC includes additional detail regarding post use communications, including a June 17, 2025 usage update, a June 18, 2025 demand for at least $25,000 plus agency fee, and an August 12, 2025 cease and desist demand. Wade's SAC pleads the same core theory but contains fewer allegations regarding post use demand communications.

The SACs are almost identical for purposes of this motion. Both arise from the same advertising campaign, same photoshoot, same Photography Agreement, same alleged social media only limitation, same alleged billboard and online commerce



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

uses, and same surviving California state law causes of action. The differences are plaintiff specific: Wade pleads State Management as her agency and a higher booking fee, while Delacruz pleads Ford Models as her agency and a lower booking fee. Those differences do not alter the legal issues presented by Roc Nation's motion in seeking dismissal of both cases.

## IV. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. To survive dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court must accept well-pleaded factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* A complaint that merely parrots the elements of a cause of action without factual support fails to state a plausible claim. *Id*

## V. ARGUMENT

### A. The SAC's Conclusory Agency Allegations Fail to State A Plausible Claim Against ROC Nation

The SACs should be dismissed because each fails to plausibly allege that Roc Nation *itself* committed the conduct giving rise to Plaintiffs' claims. A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are not entitled to the presumption of truth. *Id.* at 681.



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

**1. The SACs Attribute the Challenged Conduct to Entities Other Than Roc Nation**

Plaintiffs' own allegations identify other entities as the actors responsible for the activities at issue. Hot Girl Swim Branding, LLC, not Roc Nation, entered into the Photography Agreement with the photographer's entity. Photobomb Production coordinated booking communications and usage communications with Plaintiffs' modeling agencies. The online retail pages were hosted on store.megantheestallion.com, and *Rolling Stone* published the commerce article. Delacruz pleads additional post-use communications involving Ford Models and copied Roc Nation personnel, but those allegations still do not allege that Roc Nation directed, controlled, or approved the challenged uses. Moreover, where both Plaintiffs have had multiple opportunities to plead their best possible case, but fail to provide the critical facts necessary to state viable claims against Roc Nation (if such facts existed), but neither has done so, "[s]uch a failure is a strong indication that the plaintiffs have no additional facts to plead." *Fischer v. Vantive Corp. (In re Vantive Corp. Sec. Litig.)*, 283 F.3d 1079, 1098 (9th Cir. 2002).

**2. Plaintiffs' Agency Allegations Are Conclusory and Do Not Satisfy *Iqbal/Twombly***

To bridge the gap between these other entities and Roc Nation, Plaintiffs rely on conclusory "on information and belief" allegations that Roc Nation acted "directly and/or through its agents, representatives, production vendors, related entities, employees, contractors, and/or joint venturers." Wade SAC ¶ 27, Dkt. No. 41; Delacruz SAC ¶ 27, Dkt. No. 31. But such formulaic recitations of an agency theory do not satisfy the plausibility standard. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, Plaintiffs routinely lump together "Roc Nation and/or entities acting on Roc Nation's behalf" without identifying which defendant purportedly engaged in which conduct.



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

Such impermissible group pleading fails to provide "fair notice" of the alleged misconduct attributable to Roc Nation. *See Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) (dismissing claims where plaintiff failed to distinguish among defendants' conduct).

Plaintiffs do not allege any specific facts showing that Roc Nation directed or controlled the placement of billboards, the creation of online retail pages, the Walmart-linked advertising, the *Rolling Stone* article, or the sponsored commerce advertising. Instead, Plaintiffs allege in conclusory fashion that "each agent, representative, employee, contractor, production vendor, and/or joint venturer … acted within the course and scope of such agency" (Wade SAC ¶ 28, Dkt. No. 41; Delacruz SAC ¶ 28, Dkt. No. 31), without identifying any specific agency relationship, control mechanism, or factual basis for imputing the actions of these independent entities to Roc Nation.

The June 17, 2025 communication (Delacruz SAC Exh. F, Dkt. No. 31-6) illustrates the problem. Delacruz's SAC alleges that the communication "copied Roc Nation personnel." Delacruz SAC ¶ 96, Dkt. No. 31. But being copied on an email from Photobomb Production to Ford Models is not the same as directing, controlling, or approving the conduct. Neither SAC alleges that Roc Nation responded to that email, approved the OOH placements, or had any role in deciding where the advertisements would appear.

Under *Iqbal* and *Twombly*, a plaintiff must allege sufficient factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Allegations that are "merely consistent with" liability do not cross the line from possibility to plausibility. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). Conclusory allegations that a defendant acted "directly and/or through" agents, without more, are precisely the type of "formulaic recitation of the elements" that cannot withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. Because Plaintiffs'



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

agency allegations are conclusory and unsupported by specific facts, the claims against Roc Nation should be dismissed for failure to state a plausible claim under Rule 12(b)(6).

Moreover, even if agency relationships were adequately alleged, the claims would still fail. The SACs' own exhibits reveal that Hot Girl Swim Branding, LLC, not Roc Nation, was the principal for the campaign and entered into the Photography Agreement. Delacruz SAC ¶ 53, Exh. G, Dkt. No. 31-7; Wade SAC ¶ 51, Exh. F, Dkt. No. 41-6. To the extent Roc Nation had any involvement, it acted as an agent of Hot Girl Swim Branding, LLC, the same principal that engaged Photobomb Productions. Under California law, an agent is responsible only for its own wrongful acts and is not liable for the conduct of other agents of the same principal. *See* Cal. Civ. Code §§ 2343, 2351; *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1329 (1996) ("Ordinarily, an agent is not liable for acts of a sub-agent."; "An agent is responsible only for his or her own wrongdoing."); *Sandler v. Sanchez*, 206 Cal. App. 4th 1431, 1442–45 (2012) (absent a principal-agent relationship between them, one agent of a corporation is not vicariously liable for the torts of another agent of the same corporation; the corporation, not its officer, is the principal). Plaintiffs cannot impute Photobomb's communications or Hot Girl Swim Branding's decisions to Roc Nation simply because Roc Nation also provided services to the campaign.

Plaintiffs may argue that "on information and belief" pleading is permitted because agency facts are "peculiarly within defendant's knowledge," or that discovery is needed. Neither succeeds. Plaintiffs attached the very documents that identify the responsible entities. They cannot plead around their own exhibits. And *Iqbal* forecloses discovery based on conclusory allegations: a plaintiff who has "not nudged [her] claims across the line from conceivable to plausible" is "not entitled to discovery." *Iqbal*, 556 U.S. at 680, 686.



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

**B. Plaintiffs' Fraud-Based Allegations Fail To Satisfy Rule 9(b)'s Heightened Particularity Requirement**

The SACs are replete with allegations sounding in fraud. Plaintiffs allege that before they accepted the bookings, "Roc Nation and/or entities acting on Roc Nation's behalf already intended, planned, contemplated, or reserved the ability to use Plaintiff's likeness" in broader advertising media. Wade SAC ¶ 11, Dkt. No. 41; Delacruz SAC ¶ 11, Dkt. No. 31. Plaintiffs allege that "Roc Nation and/or its agents concealed" these broader uses "to obtain Plaintiff's modeling services and likeness for a substantially lower social media only monetary rate." Wade SAC ¶ 12, Dkt. No. 41; Delacruz SAC ¶ 12, Dkt. No. 31. And Plaintiffs allege that Roc Nation's conduct was "oppressive, fraudulent, malicious, and/or in conscious disregard of Plaintiffs' rights, entitling Plaintiffs to punitive damages." Wade SAC ¶¶ 132, 140, Dkt. No. 41; Delacruz SAC ¶¶ 154, 162, Dkt. No. 31. These allegations are subject to Rule 9(b)'s heightened pleading standard and fail to satisfy it.

**1. Rule 9(b) Applies to Plaintiffs' Claims Because They Are Grounded in Fraud**

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Ninth Circuit applies this requirement broadly: "Where … [a] plaintiff …allege[s] a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim," even one that does not carry a fraud label, "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).

Here, the SACs' allegations of concealment, preexisting intent, and fraudulent inducement are integral to Plaintiffs' theory of liability. Plaintiffs do not merely allege that photographs were used beyond the scope of consent; they allege that Roc Nation or entities acting on its behalf concealed broader intended uses to procure Plaintiffs'





HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

services at lower social media only rates. These are averments of fraud subject to Rule 9(b).

**2. The SACs Fail to Plead the "Who, What, When, Where, and How" of Any Alleged Fraud**

Under Rule 9(b), a plaintiff alleging fraud must plead 'the who, what, when, where, and how of the misconduct charged.' *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). A party alleging fraud must "set forth more than the neutral facts necessary to identify the transaction." *Id.* (citation omitted). The plaintiff must also explain "what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)).

The SACs fail to meet this standard. Plaintiffs allege in conclusory terms that the scope of use was "concealed" and that broader advertising was "intended, planned, contemplated, or reserved," but the SACs do not identify who at Roc Nation made the alleged misrepresentation or concealment. The SACs attribute the booking communications to Photobomb Production, not Roc Nation (Wade SAC ¶¶ 59–60, Dkt. No. 41; Delacruz SAC ¶¶ 63–64, Dkt. No. 31), and do not identify any Roc Nation employee or agent who communicated a misleading statement to Plaintiffs or their representatives. Nor do the SACs identify what specific false statement Roc Nation made. The booking terms were communicated by Photobomb Production, and Plaintiffs do not identify any separate statement by Roc Nation that was false or misleading.

The SACs are equally deficient with respect to when and where any alleged misrepresentation or concealment by Roc Nation occurred. Plaintiffs identify dates and communications involving Photobomb Production, but provide no specific date, communication, or meeting at which Roc Nation made any representation to Plaintiffs. Finally, the SACs fail to explain how the alleged fraud was accomplished



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

by Roc Nation, as distinct from any other entity's communications with Plaintiffs.

This is precisely the type of pleading deficiency that Rule 9(b) is designed to prevent. Plaintiffs do not identify any specific Roc Nation speaker, any specific false statement by Roc Nation, when or where any such statement was made, or why any such statement was false or misleading. Accordingly, the SACs fail to plead fraud with the particularity required by Rule 9(b).

### 3. The Fraud-Based Allegations Should Be Stricken and Plaintiffs' Punitive Damages Predicates Fail

Under *Vess*, when fraud allegations are inadequately pleaded under Rule 9(b), they are "stripped" from the claim, and the remaining averments are examined to determine whether a cause of action has been stated. 317 F.3d at 1105. Here, if the fraud based allegations are stripped, what remains of Plaintiffs' claims are bare allegations that photographs were used in media beyond social media, without any plausible basis for attributing that conduct to Roc Nation for the reasons set forth in Section B, *supra*.

Moreover, Plaintiffs' prayer for punitive damages depends entirely on allegations that Defendant's conduct was "oppressive, fraudulent, or malicious." Wade SAC ¶¶ 132, 140, Dkt. No. 41; Delacruz SAC ¶¶ 154, 162, Dkt. No. 31. Because the fraud predicates fail to satisfy Rule 9(b), the punitive damages claim lacks the necessary factual foundation and should be dismissed or stricken.

Plaintiffs may argue that their claims are not "grounded in fraud" or that Rule 9(b) should be relaxed for concealment. Neither saves the SACs. The fraud allegations, including concealment and preexisting intent (Wade SAC ¶¶ 10–12, Dkt. No. 41; Delacruz SAC ¶¶ 10–12, Dkt. No. 31), describe a unified course of fraudulent conduct integral to Plaintiffs' theory that their services and likenesses were procured at reduced "social media only" rates. Under *Vess*, Rule 9(b) therefore applies to those averments even though fraud is not a formal element of Plaintiffs' claims. 317 F.3d at



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1103–05. And if those inadequately pleaded averments are disregarded, the Court must determine whether the remaining nonfraud allegations independently state a claim. *Id.* at 1105. They do not: stripped of concealment and preexisting intent, the SACs allege only a dispute over the scope of agreed usage and compensation, without facts showing that Roc Nation knowingly used Plaintiffs' likenesses without consent. Nor does characterizing the theory as concealment excuse particularity. At minimum, Plaintiffs must identify facts supporting *Roc Nation's* knowledge, duty to disclose, and role in the alleged omission. *See Kearns*, 567 F.3d at 1126–27 (nondisclosure claims are subject to Rule 9(b)). The SACs allege no such facts.

### C. The SAC's Fail to Plausibly Allege a Nonconsensual Use of Plaintiffs' Likenesses

Even assuming that exceeding the scope of consent could support a § 3344 claim, a proposition Defendant disputes, the SACs fail to allege that Roc Nation made any representation about the scope of permitted uses to either Plaintiff. The booking terms were communicated through Plaintiffs' modeling agencies and production intermediaries, and the Photography Agreement was executed by Hot Girl Swim Branding, LLC. Roc Nation was party to neither. Plaintiffs cannot state § 3344 claims against Roc Nation for allegedly exceeding terms that Roc Nation never communicated to them. *See Christoff v. Nestlé USA, Inc.*, 47 Cal. 4th 468, 473–74 (2009) (§ 3344 requires that defendant "knowingly uses" plaintiff's likeness "without such person's prior consent").

The SACs' own allegations confirm that Plaintiffs voluntarily participated in the campaign. Both Plaintiffs agreed to participate in the April 30, 2025, photoshoot for Megan Thee Stallion's Hot Girl Summer swimwear campaign. Delacruz was paid $5,000 in wages for her work, plus an agency fee to Ford Models. Delacruz SAC ¶¶ 63–67, Dkt. No. 31. Wade was paid $8,750 in wages plus a 20% agency fee. Wade SAC ¶¶ 61–62, Dkt. No. 41. The photographs were taken for commercial advertising



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

purposes pursuant to a Photography Agreement that granted broad usage rights. Delacruz SAC ¶¶ 53–59, Dkt. No. 31; Wade SAC ¶¶ 51–57, Dkt. No. 41. Critically, neither Plaintiff alleges that her likeness was taken without permission or that she was unaware of the commercial nature of the photoshoot. Rather, they allege that subsequent uses exceeded the booking terms communicated by Photobomb Production, a dispute over the scope of a contractual arrangement, not an unauthorized appropriation of their identities. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692–93 (9th Cir. 1998) ("lack of consent" is essential element of both statutory and common law misappropriation claims).

Moreover, California's statutory and common law right of publicity causes of action were not designed to convert every contractual dispute over advertising images into a tort claim carrying punitive damages. *See Timed Out, LLC v. Youabian, Inc.*, 229 Cal. App. 4th 1001, 1006 (2014) (the right of publicity "protects the economic value of a person's name, voice, signature, photograph, or likeness" from commercial misappropriation); *KNB Enterprises v. Matthews*, 78 Cal. App. 4th 362, 366–67 (2000) (quoting § 3344's requirement of use "without such person's prior consent"). Where, as here, Plaintiffs consented to the creation of commercial content and were compensated for their participation, disputes about the scope of permitted uses are properly resolved through contract, not through right of publicity tort claims.

This distinction is dispositive at the pleading stage. The SACs do not allege that Roc Nation, or any entity, used Plaintiffs' likenesses without their knowledge or participation. They allege that the uses exceeded what Plaintiffs understood the booking terms to authorize. That is a breach of contract theory, and dressing it in the language of publicity rights does not transform it into a viable tort claim. The claims should be dismissed for failure to state a plausible claim under § 3344 or common law misappropriation.



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

Repleading would be futile, because Plaintiffs' claims have a substantive problem rather than an issue of inartful pleading. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend appropriate where amendment would be futile). The deficiencies identified above are not drafting failures that could be cured by more detailed allegations, but are fundamental problems with Plaintiffs' legal theories. Plaintiffs consented to participate in the advertising campaign, were compensated, and their dispute is over the scope of contractual usage rights, not over any nonconsensual appropriation of their identities.

Plaintiffs may argue their consent was limited to "social media only." But that argument underscores both the contractual nature of this dispute and Plaintiffs' problem with Roc Nation specifically. The scope of booking terms is a contract question, full stop.

**D. Plaintiffs' State-Law Claims Are Preempted By The Copyright Act**

Although preemption is an affirmative defense, this doctrine "can still support a motion to dismiss if the statute's barrier to suit is evident from the face of the complaint." *Ricci v. Teamsters Union Local 456*, 781 F.3d 25, 27 (2d Cir. 2015) quoting Klayman, 753 F.3d at 1357. Here, the SACs' own allegations make clear that every allegedly unauthorized use involves only the public display of copyrighted photographs, rendering preemption apparent from the face of the pleadings.

**1. The Two-Part Preemption Framework Under 17 U.S.C. § 301**

Under the Ninth Circuit's two-part test, a state law claim is preempted where (1) the claim concerns a work within the subject matter of copyright, and (2) the rights asserted are equivalent to the exclusive rights protected under 17 U.S.C. § 106. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137–38 (9th Cir. 2006).

The statutory right of publicity under Cal. Civ. Code § 3344 prohibits the knowing use of another's name, voice, signature, photograph, or likeness for



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

advertising or commercial purposes without consent. *See Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 414 (9th Cir. 1996) (the statute "is best understood as 'complementing' rather than enacting, the common law cause of action, because the two are not identical"). Here, however, both the statutory and common law claims are subject to preemption where, as alleged, the only alleged exploitation of Plaintiff's identity occurs through the display and reproduction of copyrighted photographs, photographs which both Plaintiffs participated in the creation of.

As to the first prong, the photographs at issue are copyrighted pictorial works under 17 U.S.C. § 102(a)(5), and the SACs' own allegations confirm that Plaintiffs' likenesses are embodied in those copyrighted works. *See Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011–12 (9th Cir. 2017) (publicity right claims based on copyrighted photographs fall within copyright's subject matter).

As to the second prong, the SACs' allegations demonstrate that every allegedly unauthorized use involves nothing more than the reproduction and public display of copyrighted photographs. Plaintiffs do not allege that Defendant used their names independent of the photographs, created an artificial intelligence generated image, or otherwise appropriated an aspect of their identities apart from what was captured in the copyrighted works. The only alleged conduct is the display of the photographs in various advertising media. *See Laws*, 448 F.3d at 1144 (where the alleged wrong is the unauthorized reproduction of a copyrighted work, the claim asserts rights equivalent to § 106 and is preempted).

**2. The SACs Plead Themselves Into Preemption**

Notably, Plaintiffs have added a "This Is Not a Copyright Claim" section to the SACs (Delacruz SAC ¶¶ 134–143, Dkt. No. 31; Wade SAC ¶¶ 112–121, Dkt. No. 41), but Plaintiffs' characterization of their own claims does not control the preemption analysis. What matters is the substance of the rights asserted, not the label attached.



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

*See Laws*, 448 F.3d at 1143–45. Plaintiffs' disclaimers that they "[do] not claim ownership of any copyright" and "[do] not seek to control the ownership, authorship, reproduction, distribution, or display of any photograph" (Delacruz SAC ¶¶ 134–135, Dkt. No. 31; Wade SAC ¶¶ 112–113, Dkt. No. 41) are legal conclusions that do not alter the operative facts: every allegedly unauthorized use in the SACs involves nothing more than the public display of copyrighted photographs.

Plaintiffs' attempt to plead around preemption is transparent. The SACs assert that "Plaintiff's claims are based on Roc Nation's unauthorized use of Plaintiff's identity, likeness, body, physical appearance, persona, and commercial endorsement value" in various advertising media. Delacruz SAC ¶ 136, Dkt. No. 31; Wade SAC ¶ 114, Dkt. No. 41. But every one of those media, billboards, OOH, online retail, Walmart linked advertising, the *Rolling Stone* article, and sponsored commerce advertising, involves only the display of the same copyrighted photographs. If the Court were to grant relief on Plaintiffs' claims, it would restrict Defendant's ability to display those copyrighted photographs. That is the hallmark of a preempted claim, regardless of how Plaintiffs characterize it.

The Ninth Circuit's decision in *Downing v. Abercrombie & Fitch* provides the governing framework. In *Downing*, the Ninth Circuit held that when a copyrightable image is used in a manner that effectively identifies the person depicted, the claim is not preempted because the alleged wrong concerns exploitation of the person's identity rather than use of the image itself. 265 F.3d 994, 1004 (9th Cir. 2001). However, as this Court has already found, the critical distinction is "that the photographs also began as commercial advertising, unlike in *Downing*." Delacruz, Dkt. No. 28 at 9–10. In determining how Plaintiffs' likenesses are affected by the use of the photographs, "what Plaintiff is objecting to is the 'unauthorized distribution and republication of a copyrighted work, not the exploitation of [her] likeness on an



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

unrelated product or in advertising.'" *Maloney*, 853 F.3d at 1016. The photographs are the sole vehicle through which Plaintiffs' identities are allegedly exploited, and under *Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911, 1918–20 (1996), "'the plaintiffs' right of publicity claim was a question of control over the distribution, display or performance'" of a copyrighted work. *Laws*, 448 F.3d at 1143.

*Downing* is factually distinguishable for exactly the reason the Court identified in dismissing the prior complaint. In *Downing*, the plaintiffs were professional surfers photographed at a public surfing competition, an expressive event at which they were participants, not hired models creating advertising content. 265 F.3d at 999–1000. They did not volunteer to participate in creating commercial advertising; they were athletes at a sporting event whose photograph was later appropriated to promote a clothing retailer's surf-themed catalog. *Id.* Here, by contrast, Plaintiffs voluntarily participated in a photoshoot specifically designed to create advertising content for the Hot Girl Summer swimwear campaign. Delacruz SAC ¶¶ 63–67, Dkt. No. 31; Wade SAC ¶¶ 58–69, Dkt. No. 41. Plaintiffs were compensated for that advertising work. *Id.* The photographs were always intended for advertising and have only been used for advertising, the very purpose for which Plaintiffs knowingly participated. As the Court previously held, "Plaintiff consented to the commercial use of the photographs and her claims arise from the distribution or duplication of those photographs." Delacruz, Dkt. No. 28 at 10.

### 3. This Court Has Already Adopted the Nimmer Framework

The Court has already endorsed the framework articulated in *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1028–32 (3d Cir. 2008), and the leading treatise. As the Court explained, the Nimmer treatise proposes that "the proper question in cases involving advertising and a contract between the plaintiff and the defendant . . . is whether the plaintiff 'collaborated in the creation of a copyrighted advertising



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

product.'" *Id.* at 1030. The Court noted that "Plaintiff voluntarily participated as a model for the Hot Girl Summer swimwear campaign" and "[i]n doing so, she 'collaborated in the creation of a copyrighted advertising product,' and 'even if she . . . can also adduce a contractual dispute' regarding the scope of placement of such photographs, her collaboration 'precludes her from using the right of publicity to squelch exploitation of that copyrighted work for its intended purpose.'" 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.17[B][3][b][i].

The SACs' own allegations establish that Plaintiffs participated in the photoshoot knowing it was for the Hot Girl Summer swimwear campaign (Delacruz SAC ¶¶ 63–67, Dkt. No. 31; Wade SAC ¶¶ 58–69, Dkt. No. 41), and the photographs have been used exclusively for advertising that campaign. Billboards, OOH placements, online retail, and commerce advertising are all advertising uses, the intended purpose of the copyrighted photographs. Under the Nimmer framework that this Court has adopted, that is the paradigmatic case for preemption of right of publicity claims. Notably, Plaintiffs have abandoned their breach of contract claims in the Second Amended Complaints, despite the fact that their core grievance, that uses exceeded the booking terms, sounds in contract. Delacruz SAC ¶ 17, Dkt. No. 31; Wade SAC ¶ 17, Dkt. No. 41. The abandonment of contract remedies underscores that Plaintiffs are attempting to repackage contractual disputes as tort claims to obtain punitive damages and attorneys' fees unavailable under contract law.

As the Court has already held, the "commercial use" element does not qualitatively distinguish the right of publicity claim from a claim in copyright. "The mere presence of an additional element ('commercial use') in section 3344 is not enough to qualitatively distinguish [the plaintiff's] right of publicity claim from a claim in copyright. The extra element must transform the nature of the action." *Laws*, 448 F.3d at 1144. Here, as in *Laws*, the commercial use element does not qualitatively distinguish the right of publicity claim from a claim in copyright because the claim



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

involves acts of distribution for commercial use. Because Plaintiffs' claims do not differ qualitatively from a copyright infringement claim, the claims are preempted.

## VI. CONCLUSION

For the foregoing reasons, Defendant Roc Nation LLC respectfully requests that this Court grant dismissal or other appropriate relief in both Wade and Delacruz as follows:

1. Dismiss the claims to the extent they are based on impermissible group pleading and uses not plausibly attributed to Roc Nation under *Iqbal* and *Twombly*;

**2.** In the alternative, strike Plaintiff's fraud based allegations and punitive damages predicates for failure to satisfy Rule 9(b);

**3.** In the alternative, dismiss the claims for failure to plausibly allege a nonconsensual use of Plaintiff's likeness under California Civil Code § 3344 or common law misappropriation;

4. In the alternative, dismiss the claims as preempted under 17 U.S.C. § 301, or preserve the preemption defense for summary judgment.

DATED: October 1, 2026

HINSHAW & CULBERTSON LLP

By: ______________________

BRENT M. REITTER
DAVID T. HAYEK
Attorneys for Defendant
ROC NATION LLC



HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800